UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN BELL, | ) | CASE NO. 3:08 CV 2734 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| JEFFREY A. TOBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 20, 2008, pro se plaintiff Calvin Bell filed the above-captioned action which he titles a "Judicial Notice & Demand in the Nature of Writ of Error Coram Non Judice & Demand for Dismissal for Lack of Jurisdiction" against Attorney Jeffrey A. Tobe and Option One Mortgage.  He asks this Court to "exercise its duty under the Rule of Law, do Justice, Rectum Rogare, and dismiss with prejudice [or reverse] the above-captioned case with delay for 'Justice delayed is Justice denied." (Compl. at 24.)  Mr. Bell also filed an Application to Proceed In Forma Pauperis.  That Application is granted.

**Background**

Mr. Bell states that "as an American Citizen and as a belligerent claimant, I hereby claim the right of immunity inherent in the 11th amendment." (Compl. at 5.)  He contends that

judicial power does not extend to any suit brought by a foreign state. He refers to this Court as a foreign state claiming it is "misusing the name of this Sovereign American Citizen by placing it in all capital letters, misusing my last name, and referring to me erroneously as a 'person,' which is a 'term of art' meaning a creature of the law, an artificial being, and a Corporation or an *en legis*." (Compl. at 6.)(italics in original). He contends that all complaints and suits against such a corporation must fall under the Foreign Sovereign Immunities Act and must be filed in accordance with those requirements. He states that he is "not a corporation who is registered with any Secretary of State as a corporation [and pursuant to Rule 12(b)(6), the Prosecuting Attorney has failed to state a claim for which relief can be granted." (Compl. at 7.) He demands that "the instant case and all related matters be dismissed with prejudice for lack of *in personam*, territorial and subject matter jurisdiction, as well as improper Venue; and, pursuant to the 11th amendment." (Compl. at 7.)

Mr. Bell's pleading contains no factual allegations. It is comprised entirely of legal rhetoric, including quotations from cases, citations to Black's Law Dictionary, a copyright notice, a notice of foreign state status, a recitation of a statute concerning the rights of American citizens in foreign countries, and a quotation from the Bible.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

2

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. Mr. Bell's pleading is comprised entirely of legal argument. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not sufficiently state a federal claim.

In addition, the Court notes that Mr. Bell filed an action against these same defendants in July 2008. That case, Bell v. Option One Mortgage, Case No. 3:08 CV 1760 (N.D.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Ohio filed July 22, 2008)(Katz, J.) was brought by Mr. Bell against Option One Mortgage, Shanghai Banking Corporation and its attorney Jeffrey Tobe, to challenge a Lucas County Court of Common Pleas foreclosure judgment.  District Judge David A. Katz issued a Memorandum of Opinion and Order on September 12, 2008 declaring that United States District Courts do not have jurisdiction to hear challenges to state court decisions, and dismissing the action.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  As Mr. Bell references "lower court case No. CI0200704327 Judge: Fredric McDonald Lucas county common pleas court [sic]" in the case caption of the within action, and seeks dismissal with prejudice, it is likely that he is again attempting to collaterally attack that state court judgment of foreclosure.  He, however, is barred from asserting that challenge in this Court.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  Plaintiff is therefore precluded from litigating this matter for a second time.

4

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 S/ James G. Carr
JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.